Cardozo, J.
The defendant sets up, as he had the right to do, *468 a counter-claim for the arrearage of rent which he insists is due him from the city.
It is a mistake to suppose that the reply to that counterclaim is frivolous. The reply denies, thereby putting in issue, the allegations which are material and necessary to sustain the counter-claim. Such a reply may be false, but it cannot be frivolous; and as the motion of the defendant can only be supported and is based upon the theory that the reply is frivolous, it is obvious that the application cannot pervail. That matter being thus disposed of, there remains nothing to decide, because so far from opposing the motion for a jury trial, the counsel on behalf of the defendant, rather invited that course, if I should conclude that he was not now entitled to judgment upon the pleadings.
I have looked carefully into the pleadings, for the purpose of ascertaining what the issues should be. It would not be proper or just to frame any such broad and general questions as the counsel for the city have proposed. The defendant is entitled to know precisely what he is required to meet upon the trial. I am aware that the complaint contains a general allegation that “ other corrupt and fraudulent arrangements ” were made between the defendant and the then Mayor “ and some of the members of the Common Councilbut such averments are never considered sufficient to create an issue. A person against whom a charge of fraud is made, is entitled to have the allegations specified definitely, otherwise the greatest injustice might be done him, however innocent, by being surprised on the trial by- a statement of points of .supposed fraud, then for the first time presented, and which from want of notice, he might be wholly unprepared to disprove, though they might be really utterly groundless. Fraud must not be lightly attributed to any one, and if the person asserting it has no facts to base it upon, he must not make such a charge, and if he has the facts, there is no hardship in requiring' him to specify them. This is the only just and sensible rule.
I find but two issues specially made by the pleadings for the determination of which there can be the slightest necessity of the aid of a jury. These are :
*469 First. Did the defendant, on or about the month of December, 1865, agree with the person then being the Mayor of the City of New York, in substance or to the effect, that in case the boards of aldermen and councilmen, by a vote of a majority of said boards, should pass and adopt, and the said Mayor should sign as approving the same, a resolution of the purport set forth in the complaint, viz :
Resolved, That the comptroller be and he is hereby authorized and directed to renew the leases now expiring of premises for the use of the law department, Nos. 115 and 117 Nassau Street, for a period of ten years, at the following rents, viz:—For the office of corporation counsel, $8,000 per annum; for the office of corporation attorney, $5,000; and for the office of public administrator, $5,000.
Then he, the said Wood, should or would pay or cause to be paid to the said Mayor, &c., to such of the aldermen and councilmen as should vote for said resolution, to be distributed among them, the sum of $21,000, or any other sum.
Second. Was the resolution aforesaid passsed by the said boards of aldermen and councilmen, and approved by the Mayor under and in pursuance of such agreement ? ¡
These two issues I therefore settle and order to be tried by a jury. The circuit at which the trial shall take place can be determined when I settle the order.